UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Tony L. Ellison</u>

   v.                                    Civil No. 12-cv-36-PB

<u>Warden, New Hampshire State Prison</u>

**<u>O R D E R</u>**

Before the court is Tony Ellison's petition for a writ of habeas corpus (doc. no. 1) and addendum thereto (doc. no. 3), filed pursuant to 28 U.S.C. § 2254.[1]  The petition is here for preliminary review to determine whether or not Ellison's claims are facially valid and cognizable in an action for federal habeas relief pursuant to § 2254.  <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] The petition and addendum will be considered jointly as the petition in this matter for all purposes.

judge must dismiss the petition." Id. If the petition is facially valid, the court directs the respondent to answer or otherwise respond thereto. Id. The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "[A]s a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se pleadings are construed liberally).

**Discussion**

I. Procedural Background[2]

   A. Plea and Sentencing

In 2001, Ellison was charged with a number of felony sexual assaults against his children. In May 2001, Ellison entered into a negotiated agreement with the state that called for a sentence of 10-20 years in the state prison in exchange for

---

[2]The facts herein are gleaned from Ellison's instant petition and from assertions he made in his previous related petition before this court in Ellison v. Warden, N.H. State Prison, No. 08-cv-18-JL (doc. no. 1).

Ellison's guilty plea to nine counts of sexual assault. A plea and sentencing hearing was scheduled for August 22, 2001.

Prior to the hearing, Ellison's wife asked Ellison to send her a letter detailing his sexual assaults for the purpose of assisting their daughters in obtaining effective therapy. It appears Ellison sent that letter. Based on admissions therein, and new disclosures made by one of Ellison's children, the prosecutor withdrew his original plea offer shortly before the scheduled plea and sentencing hearing. The new information, according to the prosecutor, made a 10-20 year sentence inappropriately lenient. On August 14, 2001, the prosecutor proposed instead that, in exchange for his guilty plea, Ellison be sentenced to serve three consecutive 10-20 year stand-committed sentences, with other sentences suspended and imposed concurrently to the committed sentences. The state further agreed not to bring future charges involving the original victims in Ellison's case. It appears that Ellison pleaded guilty and was sentenced in accordance with the state's August 14, 2001, proposal.

B.  State Post-Conviction Litigation

On August 22, 2005, four years after Ellison was sentenced pursuant to his guilty plea, Ellison filed a notice of appeal in the New Hampshire Supreme Court ("NHSC") challenging his

conviction and sentence. On October 18, 2005, the NHSC declined the appeal and on November 10, 2005, the NHSC denied Ellison's motion to reconsider.

After conducting post-conviction litigation in the state Superior Court between November 2005 and March 2006, Ellison filed another notice of appeal in the NHSC on April 18, 2006. The NHSC declined the appeal on May 11, 2007, denied his motion to reconsider on May 22, 2007, and denied his motion to amend his motion to reconsider on June 14, 2007. Ellison then filed a writ of quo warranto[3] in the NHSC in July 2007 which was declined on November 8, 2007. Ellison filed a further pleading in the NHSC on November 12, 2007, which was denied on November 30, 2007.

C.   First Federal Habeas Petition

On January 11, 2008, Ellison filed a habeas petition in this court, Ellison v. Warden, N.H. State Prison, No. 08-cv-18-JL ("Ellison I") (doc. no. 1). In that case, Ellison raised six grounds for relief, as follows:

1.   Denial of the right to petition the government for a redress of grievances, in violation of Ellison's First and Fourteenth Amendment rights, relating to the failure of the

---

[3] A writ of quo warranto is "a common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's Law Dictionary 1371 (9th ed. 2009).

4

>    NHSC to address certain issues that had been addressed to it by Ellison;
>
>    2.   Fourteenth Amendment due process violations for: (a) the prosecutor's breach of a plea agreement; (b) prosecutorial misconduct; and (c) the trial court's error in failing to enforce negotiated plea agreement;
>
>    3.   Fourteenth Amendment due process violation for imposition of a sentence in excess of the statutory maximum for the offense charged;
>
>    4.   Denial of Fourteenth Amendment due process rights where Ellison's guilty plea was not knowing, intelligent, and voluntary due to the court's imposition of an illegal sentence;
>
>    5.   Denial of Sixth Amendment right to the effective assistance of counsel when Ellison's attorney failed to object to the prosecutor's breach of plea agreement;
>
>    6.   Denial of Fifth Amendment right against self-incrimination where Ellison's ex-wife was utilized by the state to elicit a confession from Ellison.

On September 16, 2008, the magistrate judge directed Ellison to amend his petition to demonstrate that it was timely and to demonstrate exhaustion of his unexhausted claims (doc. no. 9).  Ellison filed an objection (doc. no. 10) and an addendum to the petition (doc. no. 11).  The court served respondent with the petition on October 22, 2008, without making any finding as to the timeliness of the petition or the adequacy of Ellison's demonstration of exhaustion of his claims.

On August 11, 2009, the court in <u>Ellison I</u> issued the following order (doc. no. 22) granting respondent's motion for summary judgment:

5

> [The Magistrate Judge] ordered the petitioner (doc. #9) to notify the court of his intent to exhaust claims 1, 2 and 4-6 during which the case would be stayed, or to proceed on the only exhausted (but possibly time-barred) claim (claim #3), thereby waiving the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 278-79 (2005); Neverson v. Bissonnette, 261 F.3d 7, 15 n.3 (1st Cir. 2001). The petitioner gave no complying notice and made no showing of an attempt to exhaust (see doc. #11), and instead proceeded on claim #3 (see id.). Assuming without deciding that the petition is not time-barred, petitioner's claim #3 has repeatedly been held to lack constitutional merit. See Hearns v. Warden, 2008 DNH 180, Pelletier v. Warden, 2008 DNH 139 (2008). Summary judgment granted in favor of the defendants. Petition denied. The clerk shall close the case.

Ellison sought review in the United States Court of Appeals for the First Circuit. On June 3, 2010, that court denied Ellison a certificate of appealability and terminated the appeal on the grounds that "the petitioner has failed to show that reasonable jurists could find the district court's determinations debatable or wrong." See Ellison v. N.H. State Prison, No. 09-2680, slip op. at 1 (1st Cir. June 3, 2010); Ellison I (doc. no. 44).

D.  2011 State Court Litigation

On January 7, 2011, Ellison filed a habeas petition in the state Superior Court. The matter was originally scheduled for a hearing, but the court issued an order dismissing the petition prior to the scheduled hearing date. Ellison appealed the dismissal of his petition to the NHSC on May 17, 2011, but that

6

court declined the appeal and denied Ellison's motions to reconsider the declination.

   E.   Present Habeas Petition

Petitioner now files the instant petition for a writ of habeas corpus (doc. nos. 1 and 3) raising the following grounds for relief:

> 1.   Denial of Fourteenth Amendment due process rights for the denial of a hearing on Ellison's state habeas petition in March 2011;
>
> 2.   Denial of Fifth Amendment right against self-incrimination when state utilized Ellison's wife to obtain a confession from him during the pendency of his criminal trial;
>
> 3.   Denial of Fourteenth Amendment due process rights when the prosecutor allegedly breached the May 2001 negotiated plea agreement; and
>
> 4.   Denial of Sixth Amendment right to the effective assistance of counsel when Ellison's attorney failed to object to the prosecution's breach of the May 2001 negotiated plea agreement.

Petitioner further asserts that his previous petition in this court was denied without prejudice due to his failure to demonstrate exhaustion of his claims, and that he has fully exhausted his current claims in the state courts. Ellison states that any statute of limitations issue regarding the claims numbered 2-4 herein, is resolved by the fact that he only became aware in April 2005 that the state court record contained two forms: a "Notice of Intent to Plead Guilty," and an

7

"Acknowledgement and Waiver of Rights," signed by Ellison, as documentary evidence to support his position in this court.

II.  Second or Successive Petition

As noted above, this is Ellison's second habeas petition filed in this court.  If a state prisoner wishes to file a "second or successive" habeas petition under 28 U.S.C. § 2254, he must follow certain procedures before this court can consider his claims, pursuant to § 2244(b).  That statute, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996), states in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Section 2244(b) thus requires approval of the federal court of appeals before a second or successive habeas corpus petition, as defined by that statute, may be filed in a federal district court, even if the petition raises new factual or legal grounds for relief.  See id.; see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007).  AEDPA strips the district court of jurisdiction over such a petition unless and until the federal court of appeals has decreed that it may go forward.  See Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.").

A "numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." Vasquez v. Parrott, 318 F.3d 387, 389 (2d Cir. 2003) (quotation omitted).  If a prior petition is not adjudicated on the merits, a later-filed petition is not deemed second or successive.  See generally Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997) ("if the original petition did not produce an adjudication on the merits a prisoner's later petition will not be deemed

'second or successive'" (citing cases)).  Furthermore, the district court may review a second-in-time § 2254 petition, without prior authorization from the court of appeals, if all of the claims asserted therein were not ripe and thus could not have been litigated in the prior petition.  See Restucci v. Bender, 599 F.3d 8, 10 (1st Cir. 2010) (petition challenging parole denial was not "second or successive" relative to prior petition challenging underlying conviction, insofar as claims were not ripe when prior petition was adjudicated); see also United States v. Buenrostro, 638 F.3d 720, 725 (9th Cir.), cert. denied, 132 S. Ct. 342 (2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded" without being subject to § 2244's gatekeeping provisions).

III. Analysis

　　　In the instant petition, Ellison raises one claim (identified as claim 1 in this order) that arose in 2011, after his petition in Ellison I was dismissed.  In that claim, Ellison challenges the March 2011 failure of the state habeas court to afford him a hearing on his state habeas petition.  If Ellison's current petition raised only this claim, the petition would not be barred as a second or successive petition.  See Restucci, 599 F.3d at 10; see also Magwood, 130 S. Ct. at 2796.

Ellison's petition, however, is not limited to the 2011 claim. In the instant petition, Ellison also asserts three claims (identified as claims 2-4 in this order) that he raised in Ellison I. Contrary to Ellison's assertion in the instant petition, Ellison I was not dismissed without prejudice as unexhausted; the petition was dismissed by an order which ruled on the merits of at least one claim therein. See Ellison I (doc. no. 22) (order dismissing petition). Accordingly, this second-in-time petition, filed subsequent to a habeas application that was dismissed on the merits, is "successive" under § 2244. See Burton, 549 U.S. at 156.

Referring to habeas petitions containing both successive and nonsuccessive claims, some courts have treated this breed of "mixed" petition as they have petitions containing both exhausted and unexhausted claims. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003); Pennington v. Norris, 257 F.3d 857, 858 (8th Cir. 2001). These courts have declined to review "mixed" petitions, holding that a district court presented with a petition containing both successive and nonsuccessive claims "should afford the prisoner the choice of seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no

authorization." Winestock, 340 F.3d at 205-06 (quoting Pennington, 257 F.3d at 859) (internal quotation marks omitted). The Winestock court construed § 2244(b)(3)'s jurisdictional bar to "extend[] to all claims in the application, including those that would not be subject to the limits on successive applications if presented separately." Winestock, 340 F.3d at 205; see also Hurley v. Thaler, No. 3-11-CV-2154-0-BD, 2011 WL 6934963, *2 (N.D. Tex. Nov. 22, 2011) ("A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive" (internal citation omitted)), report and recommendation adopted by, No. 3:11-CV-2154-0, 2011 WL 6934906 (N.D. Tex. Dec. 28, 2011). But see Spitznas v. Boone, 464 F.3d 1213, 1217 (10th Cir. 2006) (declining to adopt analysis based on rules developed in context of exhaustion and instead directing district courts to address merits of non-successive claims and to transfer to court of appeals successive claims for authorization).

The petition here consists of one claim that is not successive to Ellison I, and three claims that were raised in and are successive to Ellison I. The Court finds that, to comply with the jurisdictional requirements of § 2244(b)(3), this court should withhold review of any of the claims until

either the petitioner foregoes his successive claims, or the First Circuit renders a decision on the reviewability of those claims. This approach, endorsed by the Fourth and Eighth Circuits in Winestock, 340 F.3d at 206, and Pennington, 257 F.3d at 858, avoids the waste of judicial resources that would occur in fragmenting the case by sending three claims to the First Circuit while proceeding to the merits on the remaining, related claim in the district court.

Because Ellison has neither sought nor obtained the required authorization from the First Circuit to file this successive petition, this court lacks jurisdiction to consider it. See Magwood, 130 S. Ct. at 2796; Burton, 549 U.S. at 152-53. The court therefore grants leave to Ellison to either forego his successive claims (claims 2-4) and have the court consider only his nonsuccessive claim (claim 1),[4] or to petition the United States Court of Appeals for the First Circuit for authorization for the district court to consider the entire petition, pursuant to 28 U.S.C. § 2244. In the event Ellison chooses to keep his petition in this court but elects not to drop claims 2-4, this court will recommend that the entire

---

[4] At this time, the court makes no finding and intends no comment as to the timeliness, adequacy of exhaustion, or the merits, of claim 1.

petition be dismissed without prejudice to refiling if prior authorization is obtained from the First Circuit.

## Conclusion

For the foregoing reasons, the court directs Ellison to notify this Court, within thirty days of the date of this order, whether he intends to forego his three successive claims (claims 2-4) and proceed on his nonsuccessive claim (claim 1), or whether he intends to seek authorization from the First Circuit to proceed on his entire petition.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 2, 2012

cc: Tony L. Ellison, pro se

LBM:jba