### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE


Tony L. Ellison

    v.                             Civil No. 12-cv-36-PB

Richard Gerry, Warden,
New Hampshire State Prison


### REPORT AND RECOMMENDATION


Before the court is Tony L. Ellison's petition for a writ of habeas corpus (doc. nos. 1 and 3) and amended petition for a writ of habeas corpus (doc. no. 6), filed pursuant to 28 U.S.C. § 2254, challenging his continued incarceration pursuant to his 2001 state criminal convictions and sentences.  The matter is before the court for preliminary review to determine whether the petition and/or the amended petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring court to dismiss habeas petition where petition facially demonstrates that there is no entitlement to relief).  Also before the court is Ellison's motion to amend his petition (doc. no. 8) to delete certain claims.

**Background**

In 2010, Ellison filed a petition for a writ of habeas corpus in the New Hampshire Superior Court, challenging the 2001 criminal convictions and sentences that he challenges in the instant action.  Although a hearing on his petition was scheduled, a superior court judge dismissed the petition prior to the scheduled hearing date.  Ellison appealed the denial of his state petition, and the denial of a hearing on the petition, to the New Hampshire Supreme Court, but that court declined the appeal on July 13, 2011.  See Ellison v. Warden, N.H. State Prison, No. 2011-0366 (N.H. July 13, 2011).

## § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas

petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "[A]s a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Claims**

I.   Successive Claims

In the petition originally filed in this matter (doc. no. 1) and an addendum thereto (doc. no. 3), Ellison asserted three claims that this court deemed to be "second or successive," and therefore not presently actionable in this court under 28 U.S.C. § 2244(b)(1).  In an order issued July 2, 2012 (doc. no. 4) (the "July 2 order"), the court directed Ellison either to move to forego the successive claims or to seek authorization from the First Circuit to raise those claims.  In response to the July 2 order, Ellison filed an amended petition (doc. no. 6) including only the non-successive claim originally raised in the petition.

The amended petition was accompanied by a motion to amend his petition (doc. no. 8) to withdraw the three successive

claims and proceed only on the claim the court had deemed non-successive.  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires."  Dismissal of the successive claims, without prejudice, would allow Ellison to seek the First Circuit's pre-authorization to file a successive § 2254 petition including these claims, pursuant to 28 U.S.C. § 2244(b)(3). Accordingly, the court finds that the motion to amend should be granted, and the successive claims be dismissed from this action without prejudice to Ellison seeking approval from the First Circuit to pursue his successive claims.

        B.   Non-Successive Claims

        In the amended petition (doc. no. 6), Ellison asserts the following non-successive claims for relief[1]:

        1.   The dismissal of Ellison's state habeas petition
        without a hearing violated the following of his federal
        constitutional rights:

                a.   First Amendment right to petition the government
                for a redress of grievances;

                b.   Fourteenth Amendment right to due process;

        _____

        [1]In his original petition, Ellison raised a single claim
        challenging the 2011 denial of a hearing in the state habeas
        court.  As asserted in the amended petition (doc. no. 6),
        however, Ellison's assertions are more appropriately construed
        as having raised more than one claim for relief challenging the
        2011 actions of the state habeas court.

    c.    Fourteenth Amendment right to equal protection;

    d.    Fifth Amendment;

    e.    Sixth Amendment;

    f.    Eighth Amendment; and

    g.    Ninth Amendment.

2.    The dismissal of Ellison's state habeas petition without a hearing violated Ellison's rights under the New Hampshire Constitution.

**Discussion**

I.    <u>Unsupported Claims (Claims 1(c)-1(g))</u>

Ellison's assertions of violations of his rights under the federal constitution (with the exception of Claims 1(a) and 1(b), discussed below), are all entirely unsupported by any factual allegation, and are entirely undeveloped as legal theories.

> A writ of habeas corpus under 28 U.S.C. § 2254 "is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts."

<u>Garcia v. CDC Dir.</u>, 162 F. App'x 736, 739 (9th Cir. 2006) (quoting <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985)); <u>see also</u> <u>Rosario Gonzalez v. United States</u>, Civ. Nos.

09-2200 (DRD), 12-1201, 12-1208, 2012 WL 4829423, *20 (D.P.R.
Sept. 30, 2012) ("Naked and bare[] general conclusory
allegations as to violations of constitutional and/or civil
rights are insufficient to warrant a remedy."). Accordingly,
the claims identified as claims 1(c) – 1(g) above, should be
dismissed.

II.  Remaining Claims

Ellison's remaining claims in the amended petition (Claims
1(a), 1(b), and 2, above) are all premised on violations of his
rights under state law.  "[I]t is not the province of a federal
habeas court to reexamine state-court determinations on state-
law questions.  In conducting habeas review, a federal court is
limited to deciding whether a conviction violated the
Constitution, law, or treaties of the United States." Estelle
v. McGuire, 502 U.S. 62, 67-68 (1991).  The question of whether
the state habeas court's decision to deny Ellison a hearing
violated state law, therefore, cannot ordinarily be resolved in
a federal habeas action.  See id. at 67 ("Federal habeas corpus
relief does not lie for errors of state law." (internal
quotation marks and citation omitted)).

Here, Ellison asserts that the denial of a hearing, in
addition to violating state law and his rights under the state

6

constitution, also violated his Fourteenth Amendment due process
rights and his First Amendment right to meaningfully access the
courts.  The state law nature of Ellison's claims is not
overridden by a bald and conclusory reference to federal due
process rights.  See Garcia, 162 F. App'x at 739.  Ellison does
not explain how, or assert facts to support a finding that, he
was denied any process to which he was due under the federal
constitution, or that the denial of a hearing resulted in his
not being able to meaningfully access the courts.  Further, even
if he had so demonstrated, nothing in the habeas petition
connects the denial of a hearing to any reason why Ellison's
continuing incarceration on his underlying convictions and
sentences should be deemed invalid.  Accordingly, the court
should dismiss the First Amendment claim (Claim 1(a) above), the
Fourteenth Amendment due process claim (Claim 1(b) above) and
his state constitutional claim (Claim 2 above).

### Conclusion

For the foregoing reasons, the court recommends granting
Ellison's motion to amend his petition (doc. no. 8) and
dismissing, without prejudice, the three successive claims
asserted in the original petition (doc. nos. 1 and 3).  Further,
the court recommends that the remaining claims in this action,

asserted in the amended petition (doc. no. 6) and identified in
this report and recommendation as claims 1(a)-(g) and 2, be
dismissed with prejudice, for failure to state a claim upon
which relief can be granted.

Any objections to this report and recommendation must be
filed within fourteen days of receipt of this notice. See Fed.
R. Civ. P. 72(b)(2). Failure to file objections within the
specified time waives the right to appeal the district court's
order. See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.
Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st
Cir. 2010) (only issues fairly raised by objections to
magistrate judge's report are subject to review by district
court; issues not preserved by such objection are precluded on
appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 18, 2013

cc: Tony L. Ellison, pro se

LBM:jba